UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHNNIE LEE ROBERTS                                                                                      PLAINTIFF

V.                                                                         CIVIL ACTION NO. 3:25-CV-492-DPJ-ASH

FEDERAL HOME LOAN                                                                                       DEFENDANTS
CORPORATION, ET AL.

ORDER

This matter is before the Court *sua sponte* to examine subject-matter jurisdiction. On July 3, 2025, Defendant Nationstar Mortgage, LLC removed this case to federal court, citing diversity jurisdiction. Notice of Removal [1]. As explained below, the Court orders Nationstar to address defects in its notice and properly allege diversity jurisdiction. The Court also orders Nationstar to file its Rule 7.1 disclosure statement.

Nationstar removed this case on the basis of diversity under 28 U.S.C. § 1332(a)(1), which provides that federal courts have original subject-matter jurisdiction where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. As the removing party, Nationstar has the burden of establishing jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

While Nationstar's Notice [1] contends the amount in controversy exceeds $75,000, *see* ¶ 11, it fails to properly allege its citizenship. As an LLC, Nationstar was required in its notice to disclose the name and citizenship of its members. *See Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) ("A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership

1

involved in a litigation.") Instead, Nationstar says it is "wholly owned by two Delaware limited liability companies." Notice [1] ¶ 8. LLC ownership is not necessarily synonymous with LLC membership. *See SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407–08 (5th Cir. 2023) (observing that some states permit LLC membership without ownership and explaining the difference for purposes of establishing diversity jurisdiction); *see also Hendricks v. Camping World RV Sales, LLC*, No. 22-CV-189, 2022 WL 243901, at *1 (W.D. La. Jan. 25, 2022) ("The declaration [that an LLC "is wholly owned by" another LLC] is perhaps intended to suggest that the entity that wholly owns another is the sole member of that LLC, but that is not clear."). If the two companies that wholly own Nationstar are Nationstar's sole members, Nationstar must unequivocally say so.

Nationstar has also failed to comply with Federal Rule of Civil Procedure 7.1, which requires every party in a case in which jurisdiction is based on diversity to "file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court." Fed. R. Civ. P. 7.1(b)(1). Nationstar has not filed its disclosure statement.

IT IS, THEREFORE, ORDERED that Nationstar Mortgage, LLC shall file a response to this order properly alleging its citizenship and explaining why the Court has subject-matter jurisdiction over this action by August 14, 2025.

IT IS FURTHER ORDERED that Nationstar shall file its Rule 7.1 disclosure statement by that same date.

**SO ORDERED AND ADJUDGED** this the 7th day of August, 2025.

s/ *Andrew S. Harris*<br>
UNITED STATES MAGISTRATE JUDGE