UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHNNIE LEE ROBERTS                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:25-CV-492-DPJ-ASH

FEDERAL HOME MORTGAGE CORPORATION AND                              DEFENDANTS
NATIONSTAR MORTGAGE, LLC

ORDER

On May 20, 2026, Defendant Nationstar Mortgage, LLC, filed a Motion to Enforce

Settlement Agreement [13] in which Defendant Federal Home Loan Corporation joined [14]. As

explained below, the Court denies the motion without prejudice.

I.        Factual and Procedural Background

On July 3, 2025, Defendants removed this case—in which Plaintiff Johnnie Lee Roberts

sought to set aside the foreclosure sale of his home—to this Court. The Court set the case for an

August 29, 2025 Telephonic Case Management Conference (TCMC). Because the parties

indicated at that conference that they were exploring settlement, the Court did not enter a Case

Management Order (CMO) at that time but instead set the case for an October 1, 2025 TCMC.

The minute entry for the October 1 conference reflects that "the Court discussed the prospect of

settlement with the parties" and "ordered Plaintiff's counsel to provide a status update

concerning occupancy of the premises to Defendants' counsel within 7 days." Oct 1, 2025

Minute Entry. The Court held follow-up status conferences with the parties on October 15,

November 13, and December 2, 2025. Following the December 2 conference, the Court entered a

CMO.

Defendants now seek enforcement of a settlement agreement they say was reached

"through counsel" in October 2025. Mot. [13] at 1. They say they "prepared and transmitted a

written settlement agreement reflecting" the terms of that agreement "to Plaintiff's counsel for Plaintiff's execution" on November 3, 2025. *Id.* Their motion, which was signed by an attorney who was not present for the November 13 telephonic status conference, represents that at that conference, "Plaintiff's counsel represented to the Court that his client had agreed to the settlement, but that Plaintiff could not be located to sign the written settlement agreement." *Id.* at 1–2. That conference was not recorded or transcribed, but Defendant's factual assertion is not consistent with the undersigned's recollection. Indeed, had the undersigned understood that the case had been settled by November 13, the Court would not have entered a case management order following the December status conference.

Plaintiff failed to respond to the motion to enforce, and the time to do so under the local rules has now expired.

II.     Analysis

The Court denies the motion to enforce without prejudice for two reasons—one procedural and the other substantive. Starting with the procedural problem, the motion is unsupported by a separate memorandum brief as required by Local Rule 7(b)(4) and contains citations of authority as prohibited by Local Rule 7(b)(2)(B). Turning to the substantive reason, the motion is not supported by evidence of the existence of a binding settlement agreement, which Defendants must prove to obtain a Court order enforcing a settlement agreement. *See Sundown Energy, L.P. v. Haller*, 773 F.3d 606, 611 (5th Cir. 2014) ("[T]he construction and enforcement of settlement agreements is governed by the principles of state law applicable to contracts generally." (quoting *E. Energy, Inc. v. Unico Oil & Gas, Inc.*, 861 F.2d 1379, 1380 (5th Cir. 1988))); *Papin v. Univ. of Miss. Med. Ctr.*, 673 F. Supp. 3d 829, 836–37 (S.D. Miss. 2023) ("Under Mississippi law, a plaintiff asserting [a] breach-of-contract claim has the burden to

prove by a *preponderance of the evidence* (1) *that a valid and binding contract exists*; and (2) that the defendant . . . breached it . . . ." (emphasis added) (quoting *White v. Jernigan Copeland Atty's, PLLC*, 346 So. 3d 887, 896 (Miss. 2002))). The unsupported arguments of counsel are not evidence of the existence of a settlement agreement. *Badon v. Dolgencorp LLC*, No. 6:21-CV-1525, 2022 WL 7734636, at *3 (W.D. La. Oct. 12, 2022); *see Bowles v. OneMain Fin. Grp., L.L.C.*, 954 F.3d 722, 726 (5th Cir. 2020) ("In Mississippi, '[t]he elements of a contract are (1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation.'" (quoting *GGNSC Batesville, LLC v. Johnson*, 109 So. 3d 562, 565 (Miss. 2013))); *cf. United States v. Thomas*, 627 F.3d 146, 158 (5th Cir. 2010) ("[A]rgument of counsel is not evidence and is not to be considered as such by the jury.").

Should Defendants wish to file another motion to enforce settlement agreement, therefore, they must follow Local Rule 7 and support their argument that they reached a valid and binding settlement agreement with Plaintiff with evidence—via a sworn declaration or otherwise.

III.    Conclusion

For the foregoing reasons, Defendants' motion [13, 14] to enforce settlement agreement is denied without prejudice.

**SO ORDERED AND ADJUDGED** this the 15th day of June, 2026.

s/ *Andrew S. Harris*_____
UNITED STATES MAGISTRATE JUDGE